ALEXANDER M. DUDELSON, ESQ. (AD4809)
26 Court Street - Suite 2306
Brooklyn, New York 11242
(718) 855-5100
(718) 624-9552 Fax
adesq@aol.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
TERRENCE GRAHAM,                                       16-cv-4613 (NGG) (CLP)

                                    Plaintiff,                  AMENDED
                                                               COMPLAINT AND
                 -against-                                     JURY DEMAND

THE CITY OF NEW YORK, POLICE OFFICER
RICHARD ALERTE and POLICE OFFICER JORGE
TRICOCHE,

                                    Defendants.
-----------------------------------------------------------------------X

        Plaintiff, TERRENCE GRAHAM, by and through his attorney, ALEXANDER M.

DUDELSON, ESQ., states as follows:

                                    INTRODUCTION

        1.      This is an action for the wrongful acts of defendants, THE CITY OF NEW

YORK, POLICE OFFICER RICHARD ALERTE and POLICE OFFICER JORGE TRICOCHE,

in violation of Plaintiff's rights secured by 42 U.S.C. Section 1983 and the Constitution and laws

of the United States.

        2.      Plaintiff, TERRENCE GRAHAM, alleges that on or about May 21, 2011,

defendants committed wrongful and illegal acts against Plaintiff, including violating the

Plaintiff's right to unlawful search and seizure, falsely arresting Plaintiff, wrongly imprisoning

Plaintiff, maliciously prosecuting the Plaintiff, and negligence in the hiring and retaining of

incompetent and unfit officers, negligence in the training and instruction, and supervision of its officers, and violating Plaintiff's Constitutional and civil rights.

## JURISDICTION

3.     This action is brought under 42 U.S.C section 1983 in conjunction with the Fourth, Eighth and Fourteenth Amendments to the United States Constitution, and the Constitutional, statutory and common laws of New York State.

4.     Jurisdiction is invoked herein pursuant to the aforementioned statutory and Constitutional provisions pursuant to 28 U.S.C. Section 1331 and 1343, this being an action seeking to redress for the violation of the Plaintiff's Constitutional and civil rights.

5.     Venue is proper in the United States District Court for the Eastern District of New York under 28 U.S.C. Section 1391(b) in that the incident arose in the Eastern District of New York.

6.     Plaintiff demands a trial by jury on each and every one of his claims as pled herein.

## PARTIES

7.     At all times relevant hereto, Plaintiff, TERRENCE GRAHAM, was and is a citizen of the United States and resident of Kings County, in the City and State of New York.

8.     At all times relevant hereto, Defendant THE CITY OF NEW YORK was and is a municipality of the State of New York and owns, operates, manages, directs and controls the New York City Police Department, which employs the other named defendants.

9.     At all times relevant hereto, Defendant POLICE OFFICER RICHARD ALERTE was at all times relevant to this action an officer employed by the New York City Police Department, and acted under the color of state law.  Upon information and belief, POLICE

OFFICER RICHARD ALERTE was assigned to Brooklyn Narcotics North of the New York City Police Department, at the time of the occurrences alleged in this complaint. He is being sued in both his individual and official capacities.

10.     At all times relevant hereto, Defendant POLICE OFFICER JORGE TRICOCHE was at all times relevant to this action an officer employed by the New York City Police Department, and acted under the color of state law. Upon information and belief, POLICE OFFICER JORGE TRICOCHE was assigned to Brooklyn Narcotics North of the New York City Police Department, at the time of the occurrences alleged in this complaint. He is being sued in both his individual and official capacities.

11.     At all times relevant hereto and in all their actions described herein, the defendants were acting under the color of statutes, ordinances, regulations, policies, customs and usages of the New York City Police Department, and New York City, pursuant to their authority as employees, servants and agents of the New York City Police Department, within the scope of employment and incidental to their otherwise lawful duties and functions as agents, servants and employees.

12.     At all times relevant hereto, the CITY OF NEW YORK was responsible for the training of its police officers, and more particularly, POLICE OFFICER RICHARD ALERTE and POLICE OFFICER JORGE TRICOCHE.

13.     At all times relevant hereto, the defendant CITY OF NEW YORK was negligent in the hiring, training, supervision, discipline, retention and promotion of the agents, servants and employees of the New York City Police Department.

14.     The conduct and injuries complained of herein ensued without any negligent or culpable conduct on the part of the Plaintiff.

## FACTUAL BACKGROUND

15.     At all times relevant to this action, Plaintiff resided in Brooklyn, New York.

16.     At all times relevant hereto, Plaintiff, TERRENCE GRAHAM, was an African-American male.

17.     Upon information and belief, on May 21, 2011, at or near 201 Sutter Avenue, Brooklyn, New York, Defendants POLICE OFFICERS RICHARD ALERTE and JORGE TRICOCHE were stationed in an unmarked vehicle in plain clothes.

18.     On May 21, 2011, at approximately 8:35 a.m., Defendants POLICE OFFICERS RICHARD ALERTE and JORGE TRICOCHE received a radio communication regarding a drug sale at 301 Sutter Avenue, Brooklyn, New York.

19.     In furtherance of the investigation, at approximately 8:45 a.m., POLICE OFFICERS RICHARD ALERTE and JORGE TRICOCHE went to the 19th floor of 301 Sutter Avenue, Brooklyn, New York

20.     Upon information and belief, Defendants POLICE OFFICERS RICHARD ALERTE and JORGE TRICOCHE observed Plaintiff TERRENCE GRAHAM emerge from the stairwell and walk into the 19th floor hallway.

21.     That Defendants POLICE OFFICERS RICHARD ALERTE and JORGE TRICOCHE observed that Plaintiff TERRENCE GRAHAM was an African American male.

22.     That Plaintiff stood at the 19th floor stairwell landing with his hands at his sides.

23.     That Defendants POLICE OFFICERS RICHARD ALERTE and JORGE TRICOCHE did not observe any weapons or contraband on the Plaintiff.

24. That Defendant POLICE OFFICERS RICHARD ALERTE immediately searched the defendant's right jacket pocket without any prior visual observations of a weapon and without first conducting a pat down of the outside of the pocket.

25. That Defendant POLICE OFFICERS RICHARD ALERTE allegedly recovered a .22 caliber revolver from the defendant's right jacket pocket.

26. Defendants POLICE OFFICERS RICHARD ALERTE and JORGE TRICOCHE then placed the Plaintiff in handcuffs.

27. The Plaintiff was then placed under arrest and transported to the 73rd Precinct for arrest processing.

28. After processing, the Plaintiff was relocated to Central Booking in Brooklyn, New York.

29. While Plaintiff was in the Defendants' custody, Defendant POLICE OFFICERS RICHARD ALERTE and JORGE TRICOCHE advised the Office of the Kings County District Attorney's Office that:

a. The Plaintiff was observed emerging from an apartment;

b. Defendant POLICE OFFICERS RICHARD ALERTE and JORGE TRICOCHE observed the Plaintiff look towards the officers, and Plaintiff started to place his hand into his jacket pocket;

c. Defendant POLICE OFFICERS RICHARD ALERTE and JORGE TRICOCHE looked into the Plaintiff's pocket and observed a large, hard object inside, possibly the barrel of a firearm;

d. Plaintiff ignored repeated instructions to remove his hand from the pocket;

e. Defendant POLICE OFFICER RICHARD ALERTE approached and grabbed the hard object, a .22 caliber revolver loaded with 6 rounds.

30. These allegations were false and Defendants POLICE OFFICERS RICHARD ALERTE and JORGE TRICOCHE knew the statements to be false at the time that they were made.

31. Defendants POLICE OFFICERS RICHARD ALERTE and JORGE TRICOCHE forwarded these false allegations to the Kings County District Attorney's office ("KCDA") in order to justify the arrest and to persuade the KCDA to commence the Plaintiff's criminal prosecution.

32. Defendants POLICE OFFICERS RICHARD ALERTE and JORGE TRICOCHE knew and understood that the KCDA, in evaluating whether to commence a criminal prosecution against the Plaintiff, were relying on the truthfulness of his claims and statements, and assumed that all of these factual statements and claims were truthful in all respects.

33. On May 22, 2011, the Plaintiff was arraigned on the criminal court complaint in Brooklyn Criminal Court Part AR4 under Docket No.: 2011KN040228.

34. That bail was set at arraignment in the amount of $25,000.00 cash or $50,000.00 by surety.

35. That Plaintiff was unable to post bail and was transported to Riker's Island.

36. At the Kings County Grand Jury Presentation, Defendant POLICE OFFICER RICHARD ARLETE testified as follows:

Q. Now, what did you see as Terrence Graham exited stairwell on the 19th floor?

A.     As soon as he exited the stairwell I approached him.  Once we made eye

contact he was kind nervous.  I noticed his hands were on his right - - on

top of the right side of his jacket pocket and there was a bulge.

Q.     Just to be clear, where was his hand in relation to the bulge that you

observed?

A.     On top of the outside of the pocket.

Q.     So, his had was not in his pocket; is that correct, Officer Alerte?

A.     No.

Q.     Now, after you made that observation of this bulge, what did you do if

anything?

A.     I grabbed him and stuck my had inside the pocket.

                    *            *            *

Q.     What did you recover?

A.     A twenty-two revolver.

37.     These allegations were false and Defendants POLICE OFFICERS RICHARD

ALERTE knew the statements to be false at the time that they were made.

38.     On May 26, 2011, the Grand Jury of Kings County voted to indict the Plaintiff on

two counts of Criminal Possession of a Weapon in the Second Degree; Criminal Possession of

Weapon in the Fourth Degree; Criminal Possession of a Controlled Substance in the Fifth

Degree; Criminal Possession of a Controlled Substance in the Seventh Degree.

39.     On February 9, 2012, bail was posted on the Plaintiff's behalf and he was

released from Riker's Island.

40.     On April 18, 2012, the Supreme Court, County of Kings held a hearing to determine the legality of the search and seizure of weapons and contraband from the Plaintiff.

41.     At the hearing, Defendant POLICE OFFICER RICHARD ALERTE testified as follows:

Q.     Okay.   And what happened after you saw the defendant exit from the center doorway?

A.     As soon as he came off the stairs he - - as soon as he came to the door we made eye contact and I noticed a bulge and the defendant had his hand right on top of the bulge.

Q.     And where specifically on his body did you see this bulge?

A.     Right around his waist.   He was wearing a jacket.

*          *          *

Q.     What happened next?

A.     We made eye contact and he just jumped and my first - - I just grabbed him.   I placed my hands right on top - - I placed my hand under his hand inside his pocket.

42.     These allegations were false and Defendant POLICE OFFICERS RICHARD ALERTE knew the statements to be false at the time that they were made.

43.     On May 4, 2012, the Supreme Court, Kings County (Balter, J.), after hearing, determined that no suppression would be ordered as to the weapon and narcotics recovered on May 21, 2011.

44.     On May 4, 2012, the People of the State of New York moved for a new bail application, which was granted by the Supreme Court, County of Kings (Balter, J.).   The Plaintiff was taken into custody and relocated to Riker's Island.

45.     On December 7, 2012, the Plaintiff was convicted afer jury trial (Carroll, J.) of Criminal Possession of a Weapon in the Second Degree and Criminal Possession of a Controlled Substance in the Fifth Degree.

46.     On February 21, 2013, the Supreme Court, Kings County (Carroll, J.) sentenced the Plaintiff to 18 years to life.

47.     Within a period of 30 days, the Plaintiff filed a notice of appeal.

48.     On December 23, 2015, the Supreme Court of the State of New York, Appellate Division - Second Judicial Department reversed the Judgment of the Supreme Court, Kings County and granted the branch of the Plaintiff's omnibus motion to suppress physical evidence.

49.     In the decision and order, the Appellate Division found that: "Thus even assuming that the officer acted on reasonable suspicion that criminal activity was afoot and an articulable basis to fear his safety, he failed to confine the scope of his search to an intrusion reasonably necessary to protect himself from harm.   Accordingly the weapon recovered as a result of the unlawful search should have been suppressed.   In addition, the drugs and other items thereafter recovered must also be suppressed as fruits of the initial, unlawful search. Without that evidence there could not be sufficient evidence to prove the defendant's guilt and, therefore, the indictment should be dismissed."

50.     That the Plaintiff was released from Queensboro correctional facility on December 23, 2015.

51. Defendant POLICE OFFICER RICHARD ALERTE and POLICE OFFICER JORGE TRICOCHE brought charges against Plaintiff and purposely misused their Police powers and the courts to arrest, harass, intimidate, imprison and prosecute Plaintiff for criminal charges in an effort to immunize themselves for their unlawful, unconstitutional arrest of Plaintiff.

52. To date, as a direct and proximate result of defendants actions, Plaintiff has suffered loss of his liberty, and continues to suffer physical and emotional pain, shame, degradation, humiliation, indignity, stress, loss of personal security and liberty, serious mental anguish, psychological and emotional distress, and various other physical and psychological injuries.

53. As a direct and proximate result of an unlawful search and seizure, the Plaintiff makes a claim under the Fourth Amendment for the unlawful search itself, and seeks to recover damages from the time of detention until the arraignment.

54. As a result of the Defendants actions, Plaintiff was arrested and detained for criminal charges without just cause.

55. As a direct and proximate cause of defendant's actions, Plaintiff was deprived of his rights, privileges and immunities under the Fourth, Eighth and Fourteenth Amendments to United States Constitution and the laws of the State of New York.

56. Defendant CITY OF NEW YORK, as a matter of policy and practice, has with deliberate indifference failed to adequately discipline, train or otherwise direct Police Officers, including the defendant Police officers, with regard to the rights of residents, citizens, and visitors to the United States of America, thereby causing the defendant officers in this case to engage in unlawful conduct described above.

57.     Defendant CITY OF NEW YORK, as a matter or policy and practice, has with deliberate indifference failed to properly sanction or discipline Police Officers, including the defendants in this case, for violations of the constitutional rights of the person within its domain, thereby causing police, including defendants in this case, to engage in the unlawful conduct described above.

58.     Defendant CITY OF NEW YORK, in its policies and practices, has with deliberate indifference, failed to follow procedures for supervising  and removing, when appropriate, unstable, malicious, violent, abusive, dishonest and biased Police Officers from there duties.

FIRST CLAIM: VIOLATION OF CONSTITUTIONAL RIGHTS:
VIOLATION OF FOURTH AMENDMENT RIGHT AGAINST
UNREASONABLE SEARCH AND SEIZURES
(DEFENDANTS POLICE OFFICER RICHARD ALERTE)

59.     Plaintiff, repeats and realleges the allegations contained in paragraphs 1-58 of this complaint, as though fully set forth therein.

60.     That Defendants had no reasonable suspicion that Plaintiff was concealing weapons or other contraband based on the crime charged, the particular characteristics of the Plaintiff, and/or the circumstances of the arrest.

61.     The actions of Defendant POLICE OFFICER RICHARD ALERTE, acting under the color of state law, deprived Plaintiff of his rights, privileges and immunities under the laws of the Constitution of the United States of America and the State of New York, in particular, the rights to liberty, to be secure in his person and property, to due process under the law, and the prohibition of unlawful searches and seizures.

62.     By these actions, Defendant POLICE OFFICER RICHARD ALERTE deprived

Plaintiff of his rights secured by the Fourth Amendments to the United States Constitution, in

violation of 42 U.S.C. Section 1983.

SECOND CLAIM: VIOLATION OF CONSTITUTIONAL RIGHTS:
MALICIOUS PROSECUTION
(DEFENDANTS POLICE OFFICERS RICHARD ALERTE
and POLICE OFFICER JORGE TRICOCHE)

63.     Plaintiff, repeats and realleges the allegations contained in paragraphs 1-62 of this

complaint, as though fully set forth therein.

64.     That Defendants POLICE OFFICER RICHARD ALERTE and POLICE

OFFICER JORGE TRICOCHE initiated and continued a criminal proceeding against the

Plaintiff.

65.     That the criminal proceeding terminated in the Plaintiff's favor based on the

decision and order of the Supreme Court of the State of New York, Appellate Division - Second

Judicial Department.

66.     That Defendants POLICE OFFICER RICHARD ALERTE and POLICE

OFFICER JORGE TRICOCHE lacked probable cause for commencing the proceeding as there

was never an observation of a "bulge" in the Plaintiff's jacket or waist, nor did they observe the

Plaintiff's hand near or on top of a "bulge."

67.     That Defendants POLICE OFFICER RICHARD ALERTE and POLICE

OFFICER JORGE TRICOCHE lacked probable cause for commencing the proceeding as there

existed no reason for the Defendants to believe that the Plaintiff was a party to a sale of

narcotics.

68.     That Defendants POLICE OFFICER RICHARD ALERTE and POLICE

OFFICER JORGE TRICOCHE commenced the criminal proceeding against the Plaintiff with

malice.

69.     As a result of the foregoing, the Plaintiff is entitled to damages for his conviction

and incarceration.

## THIRD CLAIM: FAILURE TO INTERVENE
### (Defendant POLICE OFFICER JORGE TRICOCHE)

70.     Plaintiff repeats and realleges the allegations contained in paragraphs 1-69 of this

complaint as though fully set forth therein.

71.     That Defendant POLICE OFFICER JORGE TRICOCHE observed such conduct

of the unlawful search and seizure, had an opportunity to prevent such conduct, had a duty to

intervene and prevent such conduct and failed to intervene.

72.     Accordingly, the Defendants who failed to intervene violated the Fourth, Fifth,

Sixth and Fourteenth Amendments.

73.     As a direct and proximate result of this unlawful conduct, Plaintiff sustained the

damages hereinbefore alleged.

## FOURTH CLAIM: VIOLATION OF CONSTITUTIONAL RIGHTS
### (Defendant CITY OF NEW YORK)

74.     Plaintiff repeats and realleges the allegations contained in paragraphs 1-73 of this

complaint and though fully set forth therein.

75.     On May 21, 201l, at approximately 8:45 a.m., plaintiff was lawfully at 201 Sutter

Avenue, Brooklyn, New York and the Defendant POLICE OFFICERS illegally conducted a

search of his person.

76.     That all acts committed by Defendant POLICE OFFICERS were committed within the scope of their employment and under the color of law.

77.     That said acts constituted an illegal search and seizure of the plaintiff and deprived plaintiff of his rights and liberties as set forth in the Constitutions of the United States and of the State of New York and under 42 U.S.C. §§ 1986 and 1986.

78.     It is alleged herein that the plaintiff was stopped and searched absent just cause or reasonable suspicion.  That said actions were pursuant to an illegal and improper Stop and Frisk program, or policy, that was promulgated and enforced by the Defendants and/or their agents, servants and/or employees.  That such custom, policy and program has created a class of citizens, including the plaintiff, who have been illegally stopped and seized, searched and questioned based on their race, and in order to meet arrest or summons quotas or performance incentives or goals.  Evidence of said policy is as follows:

a.      That in a class action lawsuit Floyd, et al. v. City of New York, et al., 08-cv-1034 (S.D.N.Y.), in a decision filed May 16, 2012 certifying a class action lawsuit that between the years of 2004 and 2009 a reported 2.8 million people have been stopped and frisked.  Of that number more than 87% were minority citizens.  Summons or arrests were issued or made in approximately ten percent of the reported stops.  Meaning that based on their NYPD records, their suspicions are incorrect nearly 9 out of 10 stops.

b.      Southern District of New York Judge Shira Scheindlin found in Floyd that:

     i.      It is indisputable that the NYPD has an enormous Stop and Frisk program;

     ii.     Evidence shows that the Stop and Frisk program is organized and hierarchical;

     iii.    The Stop and Frisk program has been designated and revised at the highest levels of the Department;

     iv.    The implementation of the program is conducted according to uniform and centralized rules;

     v.     Monitoring of the program is hierarchical;

     vi.    The program is the result of institutional decisions and directives.

c.    Southern District Court Judge Shira Scheindlin found in <u>Floyd</u> that preponderance of the evidence shows that NYPD of establishing performance standards and demanding increased levels of stop and frisks results in a putative class of aggrieved citizens.  The court noted that street level stops have risen every year.  That in 2004, Officers documented 313,000 stops, and in 2011 they reported 684,000 stops.  In a Police Officer Performance Objectives Operation Order dated October 17, 2011, Commissioner Kelly directed that "Department managers can and must set performance goals - relating to "the issuance of summons, the stopping and questioning suspicious individuals and the arrests of criminals."  It further states that "uniformed members who do not demonstrate

activities. . . or who fail to engage in proactive activities. . . will be evaluated

accordingly and their assignments reassessed."

79.     That said actions, i.e. meeting performance objective through illegal or improper

stop and frisk practices, were found in Floyd to violate the Fourth and Fourteenth Amendments

of the Constitution of the United States of America; violated plaintiff's right to be secure in his

person; not to be subjected to illegal search and seizure, and not to be discriminated against

based upon race.

80.     That the defendant CITY OF NEW YORK caused or created a policy and/or

custom, and acted with deliberate indifference to patterns and/or police practices including

failing to follow police guidelines; failing to monitor or discipline police misconduct; failing to

gather evidence when allegations of police misconduct are involved; condoning a code of silence

within the police department regarding misconduct; engaging in racial profiling; failing to

properly supervise, train, investigate or discipline officers; engaging in illegal stop and frisks,

permitting or condoning illegal search and seizure of property and persons, any and/or all of the

above contributing to plaintiff's unlawful seizure, prosecution and injuries.

81.     Additionally, the CITY OF NEW YORK knew or should have known, more

specifically of Defendant POLICE OFFICER RICHARD ALERTE's propensity to engage in

misconduct of the type alleged herein.  Upon information and belief, the CITY OF NEW YORK

was aware of numerous claims of constitutional violations involving Defendant POLICE

OFFICER RICHARD ALERTE.

82.     That Defendant POLICE OFFICER RICHARD ALERTE has been a defendant in

several police misconduct cases including but not limited to: Peterson v. Goodwin, 12-cv-06112

(E.D.N.Y.) (RJD)(MDG); Thompson v. Edgar, 12-cv-05510 (E.D.N.Y.) (NGG)(LB); Thomas v.

City of New York, 12-cv-06272 (E.D.N.Y.) (ARR)(VMS); Welch v. City of New York, 10-cv-

01196 (E.D.N.Y.) (JMA); Holley v. City of New York, 12-cv-00259 (E.D.N.Y.) (FB)(JO); King

v. City of New York, 12-cv-04322 (E.D.N.Y.) (FB)(JO); Lopez v. City of New York, 15-cv-

06115 (E.D.N.Y.) (MKB)(VMS).

83.     As a result of the foregoing conscious policies, practices, customs and/or usages,

defendant CITY OF NEW YORK has permitted and allowed the employment and retention of

individuals as detectives, sergeants, officers and employees whose individual circumstances

place the public or segments thereof at substantial risk of being the victims of unlawful and/or

unreasonable behavior. Such policies, practices, customs and/or usages are a direct and

proximate cause of the conduct alleged herein and otherwise a direct and proximate cause of the

injuries to the plaintiff therein.

84.     The acts of defendant CITY OF NEW YORK as set forth above in paragraphs 1-

83 deprived Plaintiff of his rights, privileges and immunities under the laws and Constitution of

the United States; in particular the rights to be secure in his person and property, to due process

under the law, and the right to be free from unlawful seizure, false arrest and false

imprisonment.

85.     The acts and conduct of defendant CITY OF NEW YORK as set forth above in

paragraphs 1-83 deprived Plaintiff of his rights, privileges and immunities under the laws and

Constitution of the United States.

86.     By these actions, defendant CITY OF NEW YORK has deprived Plaintiff of

rights secured by the Fourth, Eighth and Fourteenth Amendments to the United States

Constitution, in violation of 42 U.S.C. Section 1983.

87.     As a result of the foregoing, Plaintiff sustained physical injuries, great emotional

injuries, was subjected to extreme humiliation, and were otherwise harmed, damaged and

injured.

### FIFTH CLAIM: CONSPIRACY TO VIOLATE CIVIL RIGHTS
### (All Defendants)

88.     Plaintiff repeats and realleges the allegations contained in paragraphs 1-93 of this

complaint and though fully set forth therein.

89.     Defendants, under the color of the law, conspired with each other to undertake a

course of conduct to injure, oppress, threaten, harass and intimidate Plaintiff, denying him free

exercise and enjoyment of the rights and privileges and equal protection of the law secured to

him by the Constitution.

90

.      The aforementioned defendants, under the color of the law, conspired with each other to undertake a course of conduct to bear false witness and/or to bear false testimony and/or to produce false evidence in violation of Plaintiff constitutional rights including the right to due process, to have Plaintiff wrongfully prosecuted for a crime that he did not commit.

PLAINTIFF DEMANDS TRIAL BY JURY

PRAYER FOR RELIEF:

WHEREFORE, Plaintiff TERRENCE GRAHAM requests the following relief jointly and severally as against all of the Defendants:

1.      Award compensatory damages in an amount to be determined at trial;

2.      Award punitive damages in an amount to be determined at trial;

3.      Disbursements, costs and attorney's fees; and

4.      For such other further relief that this court may deep just and proper under the circumstances.

Dated: Brooklyn, New York
        January 27, 2017

                                   /S/ Alexander M. Dudelson_____
                                   ALEXANDER M. DUDELSON, ESQ. (AD4809)
                                   *Attorney for Plaintiff*
                                   26 Court Street - Suite 2306
                                   Brooklyn, New York 11242
                                   (718) 855-5100

To:

**Via ECF:**
Eviana Englert, Esq.
New York City Law Department
Special Federal Litigation Division
100 Church Street - Rm. 3-204
New York, New York 10007
(212) 356-5055